UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK L. AUGER and
MELANIE A. AUGER,

        Plaintiffs,

    v.                                          Case No. 05-C-0158

JULIE DuQUAINE, *et al.*,

        Defendants.

---

**MEMORANDUM AND ORDER**

---

      This case arises out of a criminal case against Mark Auger in the Circuit Court for Outagamie County. Mark Auger was charged with disorderly conduct, a misdemeanor, after a fight with his wife. A jury found him guilty and the trial court required him to pay a fine of $197.00. Following an unsuccessful appeal, Mark Auger and his daughter Melanie sued the State of Wisconsin and certain Outagamie County prosecutors for malicious abuse of process. Mark and Melanie also sued William Grogan, who served as Mark's defense attorney at the disorderly conduct trial, for legal malpractice. Grogan has filed a counterclaim against Mark for unpaid legal fees totaling $664.75.

      This court dismissed Mark's claims against the state and the prosecutors in its Order of March 22, 2005, on grounds of prosecutorial and Eleventh Amendment immunity. I note from my review of that order of dismissal, however, that it suffers from a lack of precision concerning the precise claim plaintiff is bringing and the basis for federal jurisdiction. Although not articulated in

the earlier order, I viewed the plaintiffs' claim, liberally construed, as a civil rights claim under 42 U.S.C. § 1983 arising under the court's federal question jurisdiction. But it is clear from the complaint that the court also has jurisdiction based on the diverse citizenship of the parties. The plaintiffs are citizens of Canada and all of the defendants, including those that have been dismissed are citizens of the State of Wisconsin. Thus, plaintiffs' claim against the state prosecutors could also be construed as a state common law claim for abuse of process, as Mark argued, over which this court would have jurisdiction under 28 U.S.C. § 1332. *See Strid v. Converse*, 331 N.W.2d 350, 355 (Wis. 1983).

I conclude, however, that this would not have changed the result. In Wisconsin, to prevail on a claim of abuse of process, a plaintiff must allege and prove the following two elements: (1) a purpose other than that which the process was designed to accomplish, and (2) a subsequent misuse of the process. *Id.* "The existence of an improper purpose alone is not enough, for this improper purpose must also culminate in an actual misuse of the process to obtain some ulterior advantage." *Thompson v. Beecham*, 241 N.W.2d 163, 166 (Wis. 1976). Plaintiffs' complaint fails to set forth facts upon which such a claim could be based. He alleges that the prosecutors' initial action was prompted by their "jumping to a conclusion after an inadequate investigation." (Compl. ¶ 5.) When it later became clear that Mark was innocent, plaintiffs allege, the state defendants continued the prosecution "in spite of justice to protect their own interests and reputation." (*Id.*) Plaintiffs allege that "[t]he clear motive for their actions was to suppress Auger's resistance and to avoid a lawsuit for malicious prosecution . . . ." (*Id.*)

These conclusory allegations are not sufficient to state a claim against a state prosecutor for abuse of process under *Thompson*. There are no facts alleged that would support even an inference

2

that the persons involved in the prosecution of Mark Auger for domestic violence misused the process to obtain an improper advantage. To hold otherwise would open the door to civil lawsuits against prosecutors by any person convicted of a crime who was intent on carrying on the battle in another forum. And even if the complaint did state such a claim, plaintiffs' allegations against the state defendants fall well within the immunity accorded to prosecutors as a result of the duties they are called upon to perform, whether the issue arises under federal or state law. *See Glick v. Koenig*, 766 F.2d 265, 268; and *Riedy v. Sperry*, 265 N.W.2d 475, 480-81 (Wis. 1978). I therefore reaffirm my dismissal of the state defendants.

I also note that on April 16, 2005, the court ordered Plaintiff Melanie Auger to show cause, within thirty days, why her claims against Defendants Julie DuQuaine, Winn Collins, Vincent Biskupic, Carrie Schneider, and the State of Wisconsin should not be dismissed for the same reasons that I dismissed Mark's claims against those defendants. Having received no response, I now order Melanie's claims against Defendants DuQuaine, Collins, Biskupic, Schneider, and the State of Wisconsin dismissed for the reasons given in the court's Order of March 22, 2005, as well as those stated above.

What remains of the case is plaintiffs' claim against Attorney William Grogan. Again, liberally construing their complaint, plaintiffs are alleging either that Attorney Grogan conspired with the dismissed state defendants to violate rights guaranteed by the United States Constitution, or that Attorney Grogan was negligent in the performance of his duties as Mark's attorney. That claim is presently before me on Attorney Grogan's motion to dismiss the claim of plaintiff Melanie Auger. Grogan has moved to dismiss Melanie's claim against him on the grounds that no attorney-client relationship existed between them, and that he thus owed Melanie no duty of care. *See*

3

*Lewandowski v. Continental Cas. Co.*, 276 N.W.2d 284, 287 (Wis. 1979) ("In an action against an attorney for negligence or violation of duty, the client has the burden of proving the existence of the relation of attorney and client, the acts constituting the alleged negligence, that the negligence was the proximate cause of the injury, and the fact and extent of the injury alleged.").

Melanie has not responded to the motion, although Mark has filed a "Brief Against The Motion To Partially Dismiss." Mark argues that by failing to fulfill his duty to properly represent Mark, Attorney Grogan caused Melanie to return to Canada and abandon her application for permanent resident status in the United States. "It was her father's situation of having a pending criminal conviction" Mark contends, "that forced her to make her decision to abandon the application." (Brief Against Mot. at 1.)

Leaving aside the facts that Melanie's decision to move back to Canada seems wholly her own and, whatever the consequences, they are remote from any conduct on the part of Attorney Grogan, Melanie's claim fails in any event because Attorney Grogan was not her attorney. Under Wisconsin law, an attorney is not liable to third parties for any acts committed within the attorney-client relationship. *Halling v. Hobert & Svoboda, Inc.,* 720 F. Supp. 743, 745-46 (E.D. Wis. 1989) (*citing Green Spring Farms v. Kersten*, 401 N.W.2d 816, 823 (Wis. 1987)). There are two specific exceptions to this rule: a) fraudulent misrepresentation and b) liability to a beneficiary for the negligent preparation of a will. *Id.* Neither exception is applicable in this case. Accordingly Melanie has no claim against Attorney Grogan, and she must be dismissed from her father's case.

**IT IS THEREFORE ORDERED** that Defendant Grogan's motion to dismiss is hereby **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff Melanie Auger's claims against Defendants Julie DuQuaine, Winn Collins, Vincent Biskupic, Carrie Schneider, and the State of Wisconsin are **DISMISSED.**

Dated this 15th day of July, 2005.

s/ William C. Griesbach  
WILLIAM C. GRIESBACH  
United States District Judge